## WALTER ROMANIK
### vs.
## CLARA RAINAULT

Superior Court          Hartford County          File #57468

MEMORANDUM FILED OCTOBER 21, 1938.

Francis P. Pallotti, of Hartford, for the Plaintiff.

Frank R. Odlum, of Hartford, for the Defendant.

McEVOY, J.  In this action the plaintiff seeks to restrain the defendant from the use of a water pipe, claiming that the defendant's sole right is to go directly to the pump which is connected with a cistern from which the water pipe runs and that the defendant, while having the right to take water from the pump, has no right to continue to take water from the pipe which runs from the pump to the house of the defendant.

The claim of the plaintiff is based upon the allegation in paragraph four, of the complaint, that "The right of the defendant to use water was gotten by reservation contained in the above mentioned warrantee deed dated November 30, 1922, by the following clause, namely: 'The grantors reserve the right to get water at the pump . . .' "

The defendant is the daughter of the original owners of the whole tract, who were common grantors of the land now owned by the plaintiff and the land now owned by the defendant.

The plaintiff claims title through his predecessor in title, Bolish Maskaitis, who received his title from the original owners, Rudolph Dickman and Amelie Dickman, by deed dated November 30, 1922.  The so-called reservation set out in the plaintiff's complaint includes only a part of the agreement between the present plaintiff and his predecessor in title, Bolish Maskaitis.

In that deed appear the following words: "Also the right to take water from a spring on land of grantors, about twenty rods southwest of the pump above mentioned and also the right to cross land of grantors near the pump, being the drive-way now in use. The grantors reserve the right to get water at the pump to them, their heirs and assigns forever. The grantors and the grantee are to keep the pipe from spring to pump above described in repair jointly each sharing half of the expense."

During about the year 1923 the plaintiff's predecessor in title, Bolish Maskaitis, suggested to the common grantors, Rudolph Dickman and Amelie Dickman, that they "tap" the water pipe which then ran from the spring to the present well over which the described pump was then and is now placed. The Dickmans were then hesitant about tapping the pipe but, on the insistence of Bolish Maskaitis, the plaintiff's predecessor in title, the Dickmans did tap the pipe and Bolish Maskaitis assisted them in doing it by actually making some of the excavation and assisting in other ways.

The pipe, to the use of which the plaintiff now objects, has been used by the defendant and her predecessors in title, the Dickmans, ever since that time.

The reservation which the plaintiff's grantors, the Dickmans, made in the deed to the plaintiff's immediate grantor was not of the use of the pipe leading from the main pipe which came from the spring, but of an additional right to go to the spring and also to go to the pump and take water from either or both of these two places. This was an additional right reserved to the one then enjoyed by them.

Subsequently, in the same year, on December 9, 1922, within less than two weeks after the deed to Bolish Maskaitis, the Dickmans gave a deed to Stanislaw Gronkiewicz, which was duly recorded. In that deed the Dickmans reserved to themselves and to Bolish Maskaitis, the plaintiff's grantor, and to others, the right to lay water pipes for the purpose of conveying water from a spring on land thereby conveyed to land of Maskaitis and the deed also contained the clause: "And the grantees herein and their heirs and assigns are to share equally the expense of maintaining the main pipe from spring to where other pipes connect."

This was a matter of record and was actually well known

and understood by the plaintiff's grantor, Bolish Maskaitis, at the time.

The clause which refers to the use of the spring and the use of the pump by the original owners, the Dickmans, is erroneously referred to as a "reservation." A reservation should be carefully distinguished from an exception, the difference between the two being this: by an exception, the grantor withdraws from the effect of the grant some part of the thing itself which is *in esse,* and included under the terms of the grant, whereas a reservation is something out of the thing granted not then *in esse,* or some new thing created or reserved, issuing or coming out of the thing granted, and not a part of the thing itself.

The evidence shows that the original owners, the Dickmans, owned the spring and used it and that they also used the pump which was located on the well. The evidence also shows that they used the connecting pipe from the main pipe for the purpose of supplying water to their house. None of these, in the strict sense, were "reservations."

No new right was created which did not previously exist. The most favorable interpretation of the deed which is relied upon by the plaintiff, from the plaintiff's standpoint, is that, at the time of the deed to the plaintiff's grantor, Bolish Maskaitis, the original grantors, the Dickmans, then had the right to use the spring and the pipe and this they retained. The evidence clearly shows that, from the time that the connecting pipe was installed in the Dickman house, and down to the present day, the Dickmans, and their successor in title, the defendant, continually used the pipe to the use of which objection is now made by the plaintiff. The plaintiff's claim that the defendant is limited, by the terms of any of the deeds, solely to the use of the pump is fallacious. It has no foundation in the evidence or in any of the transactions between or among the various interested parties.

The real trouble is this: that the plaintiff has had difficulty with the defendant about the use of land, including a passway; that the plaintiff seeks to require the defendant to cross the plaintiff's land so as to limit the defendant's water supply to the use of the pump upon the ostensible ground that this is the defendant's only right and that the plaintiff is plausibly willing to concur in the exercise of that right. The real purpose of this action is to cut off the defendant's use of the con-

necting water pipe and to require the defendant to cross the plaintiff's land, thus affording to the plaintiff an opportunity to insult and embarrass the defendant and her family in the use of the pump which is over the well. This would merely tend to promote strife and contention and that is not the function or purpose of a court of equity.

The issues are found in favor of the defendant. Judgment may enter accordingly.